**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. WILSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>　　　　　　Defendant. | Civil Action No. 20-9523 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

　　This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Brian L. Wilson's civil complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 5), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed with prejudice as to the sole named Defendant.

**I.　　BACKGROUND**

　　Plaintiff is a state detainee currently confined in the Atlantic County Justice Facility. (ECF No. 1 at 8-9.) In his complaint, he seeks to raise claims against the jail pursuant to 42 U.S.C. § 1983 arising out of his suffering food poisoning following the receipt of a dinner meal tray on January 30, 2020. (*Id.* at 9.) Essentially, Plaintiff began to suffer the effects of food poisoning, including vomiting and diarrhea, in the early hours of January 31, 2020, and sought help, but was

not formally seen by medical staff until a week later, when he was treated by being told to drink plenty of water. (*Id.*).

## II. LEGAL STANDARD

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise federal civil rights claims related to his conditions of confinement and medical treatment against a single named Defendant – the Atlantic County Justice Facility. The justice facility, however, is a county jail, which is not a proper defendant in a federal civil rights matter. *See, e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (county jails are not "persons" subject to suit under § 1983). The proper Defendants for Plaintiff's claims would instead have to be either the county which operates the jail, or the individual state actors involved in the events in question. *Id.* Plaintiff's claims against the jail must therefore be dismissed with prejudice at this time.[1]

---

[1] Plaintiff may file an amended complaint within thirty days to the extent that he wishes to raise his federal claims against proper defendants.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as to the sole named Defendant. An order consistent with this Opinion will be entered.

_____
Hon. Karen M. Williams,
United States District Judge
