**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRIAN L. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC COUNTY JUSTICE FACILITY,<br><br>Defendant. | Civil Action No. 20-9523 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Brian L. Wilson's amended complaint. (ECF No. 11.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 5), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice.

## I. BACKGROUND

Plaintiff is a state detainee currently confined in the Atlantic County Justice Facility. (ECF No. 11 at 3-4.) On January 30, 2020, following a jailhouse meal consisting of tacos and related fair, Plaintiff began to experience the effects of what appears to be food poisoning – nausea and diarrhea – at 3:00 a.m. (*Id.* at 4.) When a nurse came to his unit the following morning to distribute medication, Plaintiff told her that he was ill, and she informed him that numerous people from the jail were experiencing the same issues. (*Id.*). After being taken to and returning from Court the

following day, Plaintiff's symptoms worsened, and guards told him to submit a medical request to the extent he needed treatment. (*Id.*) Plaintiff apparently did so, though it is not clear from the amended complaint when he submitted his request. (*Id.*) "Several days later," Plaintiff was seen by a nurse, who instructed him to drink plenty of fluids, advice that Plaintiff apparently found unsatisfactory. (*Id.*) Based on these allegations, Plaintiff seeks to raise claims against the jail's warden, head cook, head of sanitation, the Atlantic County Board of Freeholders, and the nurse who saw him for treatment. Plaintiff appears to be raising two claims – that the warden, head cook, Board, and head of sanitation failed to protect him from tainted food which resulted in his illness, and that the nurse provided inadequate medical treatment.

## II. <u>LEGAL STANDARD</u>

Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

In his complaint, Plaintiff seeks to raise two classes of claims – a claim in which he asserts that various jail staff failed to protect him from tainted tacos resulting in his contracting food poisoning, and a claim asserting he received inadequate medical care from jail medical staff. Turning first to the issue of the tainted food, while jails are required to provide pretrial detainees with nutritionally adequate food which does not present an "immediate danger" to their health, "isolated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran v. Merline*, 923 F. Supp. 3d 702, 720-21 (D.N.J. 2013.) A plaintiff who alleges only a single instance of food poisoning and who does not allege a pattern of serving spoiled or unsafe food therefore fails to set forth a valid claim for relief under § 1983. *Id.* Because

Plaintiff's complaint concerns only a single instance of his being served allegedly contaminated food, he has therefore failed to plead a cognizable claim for relief, and his claims concerning the serving of the tainted tacos therefore must be dismissed without prejudice as to all Defendants for failure to state a claim for which relief may be granted. *Id.*

In his remaining claim, Plaintiff asserts that he received inadequate medical treatment from jail medical staff in relation to his having contracted food poisoning. Specifically, Plaintiff asserts that he was unsatisfied with being told by nurses to drink plenty of fluids. He does not allege that he was diagnosed with a serious medical issue, or that there was some other form of necessary treatment which he did not receive. In order to plead a cognizable claim for relief for inadequate medical care, Plaintiff must plead facts showing that he suffered from a serious medical need and that Defendants committed acts or omissions indicating that they were deliberately indifferent to that need. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Even if this Court were to assume that a brief bout of food poisoning is a sufficiently serious medical need, an assertion this Court tends to doubt, *see, e.g., Jackson v. Shouppe*, No. 17-1135, 2020 WL 3574645, at *10 (W.D. Pa. June 30, 2020) (food poisoning is generally not a sufficiently serious medical need), Plaintiff has failed to plead facts suggesting that medical staff were deliberately indifferent to that need. According to the amended complaint, Plaintiff was seen by nursing staff who told Plaintiff to drink plenty of fluids to counteract the effects of his diarrhea. He does not allege any facts indicating that he was in need of more serious medical treatment, nor facts indicating that his symptoms were not adequately alleviated by the drinking of fluids or the passage of time. Neither Plaintiff's mere disagreement with the advice he was given, nor his dissatisfaction with that advice, change the fact that nothing he has alleged suggests that the nursing staff were deliberately indifferent to his needs – it instead appears that they offered a course of treatment in the form of increased fluid intake. As Plaintiff has not pled facts indicating deliberate indifference by medical

staff, his medical claim fails to state a claim for which relief may be granted and is dismissed without prejudice as such. As both of Plaintiff's claims fail to state a claim for relief against any of the named Defendants, his amended complaint shall be dismissed without prejudice.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge